*E-FILED - 8/12/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD J. KAHUTE, | ) | No. C 07-0142 RMW (PR) |
| Petitioner, | ) ) | ORDER GRANTING MOTION TO DISMISS |
| vs. | ) ) | |
| CONTRA COSTA COUNTY SUPERIOR COURT, | ) ) ) | (Docket Nos. 9 & 12) |
| Respondent. | ) ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court initially issued an order to show cause to petitioner as to why the petition should not be dismissed for failure to exhaust state remedies. On February 22, 2007, petitioner filed a response in which he stated that he had exhausted his claims. On September 18, 2007, the court dismissed two of the three claims in the petition for failure to state a cognizable claim for relief, and ordered respondent to show cause why the petition should not be granted as to petitioner's claim that he received ineffective assistance of counsel. Respondent has filed a motion to dismiss the petition on the grounds that petitioner did not in fact exhaust such a claim. Although granted an opportunity to do so, petitioner did not file an opposition to

respondent's motion.  Based upon the papers submitted,[1] the court concludes that the petition is unexhausted and will DISMISS the instant petition without prejudice to refiling after the remaining claim has been exhausted.

## BACKGROUND

Petitioner was convicted by a Contra Costa Superior Court jury of petty theft with a prior conviction (Cal. Penal Code § 666.6).  On May 16, 2006, petitioner was sentenced to a term of thirty-two months in state prison.  On January 9, 2007, the California Court of Appeal affirmed the conviction.  On that same day, he filed the instant petition for a writ of habeas corpus.

In his February 22, 2007 response to the initial order to show cause, petitioner states that he filed petitions for a writ of prohibition and a writ of habeas corpus in the California Supreme Court prior to his May 16, 2006 sentence in the trial court.  Petitioner does not provide the dates, case numbers, or any documentation for these alleged filings in the California Supreme Court, however.  A search of the California Supreme Court's docket turns up no filings by petitioner in that court.  (Resp. Ex. 2.)[2]

## DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  See 28 U.S.C. § 2254(b)-(c). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its

---

[1] Although petitioner did not file an opposition, the court has considered petitioner's February 22, 2007 response to the initial order to show cause as an opposition to respondent's motion.

[2] The court conducted its own search of the California Supreme Court's docket and found no filings by petitioner.

1 prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations
2 omitted). The exhaustion requirement is satisfied only if the federal claim has been
3 "fairly presented" to the state courts. Id.
4      To begin with, no filings by petitioner appear on a search of the California
5 Supreme Court's docket. Although petitioner alleges that he filed petitions for a writ of
6 prohibition and a writ of habeas corpus in that court, he has provided no dates, case
7 numbers or documentation in support of this allegation. As a result, it appears that
8 petitioner never in fact filed any claims in the California Supreme Court. Moreover, even
9 if petitioner had filed such petitions in the California Supreme Court, there is no
10 allegation or indication that such petitions raised the ineffective assistance of counsel
11 claim remaining in this action. In addition, petitioner indicates that these two petitions
12 allegedly filed in the state supreme court were filed prior to his sentencing in the trial
13 court. It does not satisfy the exhaustion requirement to raise a claim in the state courts by
14 a procedural method which makes it unlikely that the state courts will consider the claim
15 on its merits. Castille v. Peoples, 489 U.S. 346, 351 (1989). Raising a claim of
16 ineffective assistance of counsel petitions filed in the California Supreme Court before
17 there had even been a final judgment in the trial court made it unlikely that the claim
18 would be decided on its merits. See, e.g., id. (presentation by way of petition to state
19 supreme court for allocatur insufficient to exhaust); Casey, 386 F.3d at 917 (federal
20 claims not fairly presented when petitioner "raised them for the first and only time upon
21 petitioning for discretionary review to the Washington State Supreme Court").
22 Consequently, even if petitioner had, as he alleges, filed petitions for a writ of prohibition
23 and a writ of habeas corpus in the California Supreme Court prior to the trial court's
24 judgment, such petitions do not satisfy the exhaustion requirement.
25      As the record indicates that petitioner has not fairly presented the claim remaining
26 in the instant petition to the California Supreme Court, he has not exhausted his state
27 remedies. As a result, the petition must be dismissed without prejudice to re-filing upon
28 exhaustion.

**CONCLUSION**

Respondent's motion to dismiss the petition as unexhausted is GRANTED. The instant petition is DISMISSED without prejudice to petitioner's filing a new federal habeas petition once he has exhausted his state remedies by presenting his claims to the highest state court.

The clerk shall terminate Docket Nos. 9 and 12, and close the file.

IT IS SO ORDERED.

DATED: 8/8/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge